UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: CV - _____

| | |
|---|---|
| Christina Redepenning,<br><br>　　　　Plaintiff,<br>v.<br><br>Focus Receivables Management, LLC.,<br>"Mr. Marshall"<br><br>　　　　Defendants. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") in their illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff Christina Redepenning is a natural person who resides in the City of Marshall, County of Lyon, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Focus Receivables Management, LLC, Inc. (hereinafter "Defendant Focus") is a foreign limited liability company and a collection agency operating from an address of 1130 Northchase Parkway, Marietta Georgia, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Mr. Marshall (hereinafter "Defendant Marshall") is a natural person employed by Defendant Focus as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. On or around January 2005, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, that went into default for late payment, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card issued by Discovery in the approximate amount of $2,200, which was used by Plaintiff to make personal purchases of food, clothing, and shelter-related items.

8. Sometime in or around August 2007, the Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff, when thereafter Plaintiff started receiving collection communications from Defendants in an attempt to collect this debt.

9. On or about August 2007, Plaintiff received a call from a Defendant Marshal, requesting Plaintiff immediately pay the entire balance on the Discover account.

10. Plaintiff informed Defendant Marshal that she was unable to pay the entire amount and asked if a payment agreement was possible. Defendant Marshal refused to accept a partial payment.

### *Call from Mr. Marshal to Third Parties*

11. On or about September 6, 2007, Defendant Marshal contacted Audrey Stahl, the grandmother of Plaintiff's sister-in-law Tammy Jacob's.

12. Defendant Marshal implied that something had happened to Plaintiff and that it was vital that he get in touch with Tammy Jacobs about it and asked Audrey Stahl for Tammy Jacobs phone number.

13. Despite repeated requests by Audrey Stahl, to tell her who he was and what was happening, Defendant Marshal refused to identify himself, or the nature of the emergency.

14. This call from Defendant Marshal to Audrey Stahl was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692c(a)(1), 1692c(b), 1692d, 1692d(6), 1692e, 1692e(10), 1692e(14) and 1692f, amongst others.

15. Concerned that Plaintiff was seriously injured, Audrey Stahl provided Defendant Marshal with Tammy Jacob's work number.

16. On or about September 6, 2007, Defendant Marshall contacted Tammy Jacob at work and implied that it was extremely important that he contact Plaintiff.

17. Despite requests by Ms. Jacob, that Defendant Marshal identify who he worked for or why he was attempting to contact Plaintiff, Defendant Marshal failed to identify his employer or that he was attempting to confirming or correcting location information.

18. This call from Defendant Marshal to Tammy Jacobs was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692c(a)(1), 1692c(b), 1692d, 1692d(6), 1692e, 1692e(10), 1692e(14) and 1692f, amongst others.

19. On or about September 18, 2007, Defendant Marshal attempted to contact Plaintiff by again contacting Tammy Jacobs and leaving a voicemail message in which he stated he was looking for Plaintiff.

20. This call from Defendant Marshal to Tammy Jacobs was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692c(a)(1), 1692c(b), 1692d, 1692d(6), 1692e, 1692e(10), 1692e(14) and 1692f, amongst others.

*Summary*

21. The above-detailed conduct by Defendants, of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion and by revelation of financial private facts.

22. Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

**TRIAL BY JURY**

23. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

**CAUSES OF ACTION**

**COUNT I.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 et seq.**

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

26. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

27.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;
- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and
- for such other and further relief as may be just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  May 8, 2008 | **BARRY & SLADE, LLC** |
|  | By:  **s/Nicholas P. Slade**<br>Nicholas P. Slade, Esq.<br>Attorney I.D.#0270787<br>2021 East Hennepin Avenue, Suite 195<br>Minneapolis, Minnesota 55413-2700<br>Telephone:  (612) 379-8800<br>Facsimile: (612) 379-8810 |
|  | **Attorney for Plaintiff** |

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA )
                                             ) ss
COUNTY OF HENNEPIN )

Plaintiff Christina Redepenning, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

                                                                           s/Christina Redepenning
                                                                           Christina Redepenning

Subscribed and sworn to before me
this  7   day of      May     , 2008.


     s/Jacki Knigge
Notary Public

JACKI KNIGGE
Notary Public
State of Minnesota
My Commission Expires January 31, 2010